# CIRCUIT COURT OF LOUDOUN COUNTY

United Marketing
Solutions, Inc.

v.

Edward Goldberg et al.

February 27, 2012

Case No. (Civil) 65117

BY JUDGE THOMAS D. HORNE

Counsel for the plaintiff has asked that the Court revisit by way of a Motion to Reconsider its earlier ruling denying summary judgment. Central to a consideration of the instant motion are the noncompetition provisions of the Area Franchisee License Agreement ("Agreement") entered into by the plaintiff, franchisor, and the defendants, franchisees. Reconsideration is sought based upon the recent decision of the Supreme Court of Virginia in *Home Paramount Pest Control Companies, Inc. v. Shaffer*, 282 Va. 412 (2011).

*Home Paramount* affords us a roadmap for evaluating noncompetition agreements. In *Home Paramount*, Justice Mims, writing for the Court, commented upon both the test to be applied by trial courts as well as the evolution of such agreements in a changing commercial environment, in the following words:

> The enforceability of a provision that restricts competition is a question of law that we review de novo. It is enforceable if it "is narrowly drawn to protect the employer's legitimate business interest, is not unduly burdensome on the employee's ability to earn a living, and is not against public policy." The employer bears the burden of proving each of these factors. When evaluating whether the employer has met that burden, we consider the "function, geographic scope, and duration" elements of the restriction. These elements are "considered together" rather than "as three separate and distinct issues.". . .
>
> We have consistently assessed the function element of provisions that restrict competition by determining whether the prohibited

activity is of the same type as that actually engaged in by the former employer. . . .

When a former employer seeks to prohibit its former employees from working for its competitors in any capacity, it must prove a legitimate business interest for doing so. . . .

Because Home Paramount did not confine the function element of the Provision to those activities it actually engaged in, it bore the burden of proving a legitimate business interest in prohibiting Shaffer from engaging in all reasonably conceivable activities while employed by a competitor. . . .

Although we weigh the function element of a provision that restricts competition together with its geographic scope and duration elements, the clear overbreadth of the function here cannot be saved by narrow tailoring of geographic scope and duration. . . .

Home Paramount . . . suggests that the doctrine of stare decisis compels us to uphold the Provision in this case. We disagree. . . . One condition warranting a departure from precedent is where the law has changed in the interval between the earlier precedent and the case before us. . . . We acknowledge that the language of the provision we upheld in *Paramount Termite* is identical to the Provision. However, we have incrementally clarified the law since that case was decided in 1989.

*Home Paramount*, 282 Va. at 3, 4, 7-12.

The importance of the functionality review, as identified and clarified by the Supreme Court in *Home Paramount*, gives this Court reason to reconsider its ruling with respect to the instant noncompete provisions. Within the context of this case, although the plaintiff and defendants occupied the relationship of franchisor and franchisees, the public policy identified by the Supreme Court in limiting such agreements remains the same. The right of the defendants to engage in employment activities is not dependent upon their future conflicts arising from singular employment with another competing franchisor.

The Non-Competition; Non-Solicitation provisions of the Agreement are to be found in Paragraph XIII of the Agreement. There are three areas covered by the Agreement:

(a) Performing services for others or employing others within the designated class and area during the term of the License;

(b) Performing services for others within the designated class and area for two years after the License is no longer in effect; and

(c) Employing anyone employed by the plaintiff within the designated time for two years after the License is no longer in effect or soliciting advertising from others who have been clients of the plaintiff within the designated time for two years after the License is no longer in effect.

Counsel for the defendants has posited the many ways in which her clients are limited in engaging in employment activities unrelated to that performed for the plaintiff and argues that any nexus between the limitations provided and a legitimate business interest to be served the plaintiff is lacking. Absent "blue penciling" of the relevant provisions of the Agreement, the Court agrees that the noncompete provisions are unenforceable as a matter of law. "Blue penciling" of noncompete clauses, absent an agreement to the contrary, has not been allowed by many courts. *See Lasership, Inc. v. Watson,* 79 Va. Cir. 205, 216 (2009).

Counsel for the plaintiff draws the Court's attention to the severability provision of the Agreement found at Paragraph XXVII. That provision states:

> If any provision of this Agreement or the application of any provision to any person or circumstance shall be determined to be invalid or unenforceable, then such determination shall not affect any other provision of this Agreement or the application of such provision to any other person or circumstance, all of which other provisions shall remain in full force and effect. It is the intention of United and the Area Franchisee that if any provision of this Agreement is susceptible of two or more constructions, one of which would render the provision enforceable and the other or others of which would render the provision unenforceable, then the provision shall have the meaning which renders it enforceable.

In construing an agreement, the Court, absent an intention to the contrary, will ascribe to the words used in the agreement their ordinary meaning. *Atlantic Coast Realty Co. v. Townsend,* 124 Va. 490, 499 (1919). In the instant case, the Agreement provides that, if a "provision" of the Agreement or application of a "provision" is determined invalid, then those "provision(s)" that remain after the offending "provision(s)" have been excised remain enforceable. Among other common dictionary definitions, the term "provision" is defined as "a clause in a document or agreement." *Webster's II New College Dictionary* 891 (3d ed. 2008). A clause, as part of a compound or complex sentence, has both a subject and a predicate.

In "blue penciling" the limitations on competition and solicitation found in Paragraph XIII of the Agreement, the plaintiff has neither eliminated nor left behind "provisions" of the Agreement. What plaintiff seeks to do is to parse or rather eliminate words within sentences in such a way as to create a new "provision" of the Agreement as would withstand legal scrutiny. Such creative activity is not authorized by the severability clause.

Applying the functionality rule enunciated in *Home Paramount,* the Court finds that the provisions relied upon do not withstand legal scrutiny.

Accordingly, the Motion for Summary Judgment will be granted and the case dismissed.